United States District Court
Southern District of Texas
**ENTERED**
June 05, 2019
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| ERNESTO BENAVIDES, JR., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:18-cv-0159 |
| | § | |
| OMAR LUCIO, et al., | § | |
|     Defendants. | § | |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

The Court is in receipt of Ernesto Benavides, Jr.'s pro se "Complaint for Civil Rights Pursuant to 42 U.S.C. § 1983" and his "Memorandum in Support of Complaint" (hereinafter, collectively, Benavides' "§ 1983 Complaint" or "Complaint"). Dkt. Nos. 1, 2. The Court is also in receipt of Defendants Omar Lucio, Samuel Sanchez, Victor Solis, Jose Ayala, and Janie Treviño's Rule 12(b)(6) Motion to Dismiss (hereinafter, Defendants' "Motion" or "Motion to Dismiss"). Dkt. No. 23. For the reasons provided below, it is recommended that the Court **DISMISS** Benavides' Complaint for failure to state a claim upon which relief may be granted, and that his Motion to Appoint Counsel (Dkt. No. 27) be **DISMISSED AS MOOT**. It is further recommended that the Clerk of Court be directed to close this case.

## I.      Jurisdiction

The alleged events giving rise to this civil action occurred within this District, and this Court has jurisdiction because Benavides alleges violations of federal law in his Complaint. *See* 28 U.S.C. §§ 1331, 1391(b)(2).

## II.    Background and Procedural History

Benavides, a prisoner in state custody, filed his § 1983 Complaint on October 5, 2018.

Dkt. Nos. 1, 2.   In his Complaint, Benavides alleges multiple violations of his

constitutional rights by Defendants.   Construing his pro se filings liberally,[1] Benavides'

Complaint sets out the following claims, although not in this order:

(1) Beginning in 2013, Benavides had "been requesting access to the courts . . . because his trial lawyer failed to appeal his pre-trial hearing."   Dkt. No. 2 at 1.   Benavides states that "[h]is 30 day limitation expired because of this."   *Id.* (errors in original).

(2) Even though "Benavides has been pursuing his claim for out-of-time Appeal diligently," he claims that he "has been procedurally barred due to the lack of developing a proper arguement which is a bi-product of not having access to courts."   Dkt. No. 2 at 1 (errors in original).

(3) Benavides claims that "[r]eprisal has been taken against him with malice and deliberate indifference for exercising his constitutional right to access the courts."   Dkt. No. 2 at 2.   As examples, Benavides claims that "the Entire C-Pods" of the jail were placed "on T.V. Restriction for no Apparent reason and without notice," that Defendant Lt. Sanchez "removed Benavides's clothe lines," and that Defendant Lt. Sanchez "took Benavides's wrist-band" which led to Benavides being "placed on Commissary restriction."   *Id.* at 1 (errors in original).

(4) Benavides further claims that a "$10.00 fee was extorted without investigating which was a bi-product of reprisal taken against Benavides."   Dkt. No. 2 at 2 (errors in original).

Defendants filed a Motion to Dismiss in response to Benavides' Complaint,

contending that Benavides' Complaint should be dismissed either because he failed to

exhaust administrative remedies as required by the Prison Litigation Reform Act

("PLRA"), or because the Complaint fails to state a claim upon which relief can be

granted.   Dkt. No. 23 at 1; 42 U.S.C. § 1997e(a) (prohibiting prisoners from bringing

---

[1] *See Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976).

actions "under section 1983 . . . or any other Federal law . . . until such administrative remedies as are available are exhausted."); *see also* FED. R. CIV. P. 12(b)(6).  In the alternative, Defendants request the Court order Benavides to file a more definite statement of his claims.  Dkt. No. 23 at 1; *see also* FED. R. CIV. P. 12(e).

Benavides filed an "Objection in Response to Defendants' Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint, And Supplemental Statement of the Case and Relief" (hereinafter, Benavides' "Response").  Dkt. No. 26.  In his Response, Benavides claims that he "was harassed and given sanctions that posed a hardship to exhaust other available remedies," and, as a result, "Just and Reasonable cause exists for not pursuing other administrative remedies."  *Id.* at 1.  Benavides further asserts that he has suffered "Physical Injury" because the Defendants' actions "caus[ed] undue delay in legal Proceedings," and because the Defendants "retaliated in reprisal by harassing [Benavides] and placing him under unreasonable sanctions to discourage him from accessing the courts[.]"  *Id.* at 3.  Benavides has also filed a "Motion Requesting Appointment of Counsel to Conduct Deposition" (hereinafter, Benavides' "Motion to Appoint Counsel").  Dkt. No. 27.

On January 9, 2019, the Court ordered Benavides "to supplement his pleadings to provide a more definite statement of [the] claim" that he had been denied access to the courts in 2013.  Dkt. No. 28 at 1.  The Court specified that Benavides was to include: "(1) where he was incarcerated during 2013 when he made requests for access to the courts, (2) to whom he made these requests, (3) what, if any, response he was given, (4) when and how he discovered that 'his 30 day limitation expired' (Dkt. No. 2 at 1), and (5) any other facts that he believes will help the Court assess this claim."  *Id.* at 1−2.

Benavides then filed his "Supplemental Pleadings to Provide a More Definite Statement" (hereinafter, Benavides' "Supplemental Statement"). Dkt. No. 38. In his Supplemental Statement, Benavides explained that on "October 25, 2013, [he] signed a plea bargain for 15 years but, [he] had a desire to appeal a pretrial hearing on a motion to suppress evidence[.]" *Id.* at 1. He recalled "that the requests were made to 'Booking,'" and did not estimate how many requests were made. *Id.* Benavides claims he was told that he needed "judge's permission to access [the] Law Library[,]" but did not specify who told him this. *Id.* Benavides stated that he had a court-appointed lawyer at the time, but that the attorney "failed to file notice to appeal[.]" *Id.* at 2. He does not directly address when or how he discovered that his limitations period had expired, except to say that he was informed, at some unspecified time, that his appeal of the pretrial decision was "procedurally barred." *Id.* at 1–2. He also states that toward "the End of 2017 and the beggining of 2018" he "discovered that there was a deadline of thirty days and that it was [his] court appointed lawyer's fiduciary duty to file a notice of appeal within those 30 days." *Id.* at 2 (errors in original).

Defendants filed a "Response and Opposition to Plaintiff's Supplemental Pleading to Provide a More Definite Statement and Supplemental Rules 12(b)(1) & 12(b)(6) Motion to Dismiss" (hereinafter, Defendants' "Supplemental Response"). Dkt. No. 42. In their Supplemental Response, Defendants largely reiterate and expand upon the arguments they made in their Motion to Dismiss. *See* Dkt. No. 23. Defendants also argue that Benavides did have access to the courts in 2013, via his court-appointed attorney. Dkt. No. 42 at 11. Defendants conclude that, because he had a court-appointed attorney, Benavides was not denied his constitutional right of access to the courts. *Id.* Defendants

add that any claim that Benavides' court-appointed attorney fell below constitutional standards—by failing to appeal a ruling or failing to inform Benavides of case-related developments—is a separate issue. *Id.* at 11−12.   Benavides then filed an "Opposition to Defendants' Motion to Dismiss" (hereinafter, Benavides' "Supplemental Reply"). Dkt. No. 44.

### III.   Legal Standards

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial.  A statement of facts that merely creates a suspicion that the pleader might have a right of action is insufficient." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (citing 5 Wright & Miller, FEDERAL PRACTICE AND PROCEDURE, CIVIL 2d § 1216 at 156−59).  All reasonable inferences must be drawn in favor of the non-movant's claims. *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).   A pro se litigant's pleadings should be afforded a liberal construction, even if they are inartfully phrased. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007).

If the complaint does not contain an element which is a prerequisite to obtaining relief, dismissal is proper. *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986).   In reviewing a Rule 12(b)(6) motion, a court must consider all of the plaintiff's well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004) (citing *Great Plains Trust Co. v. Morgan Stanley Dean*

*Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)).   "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Southern Christian Leadership Conference v. Supreme Court of Louisiana*, 252 F.3d 781, 786 (5th Cir. 2001) (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).

Dismissal for failure to state a claim does not require a determination that, beyond a doubt, the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Instead, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (internal citation omitted). A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility will not be found where the claim alleged in the complaint is based solely on legal conclusions, or a "formulaic recitation of the elements of a cause of action[.]" *Twombly*, 550 U.S. at 555. Nor will plausibility be found where the complaint "pleads facts that are 'merely consistent with' a defendant's liability" or where the complaint is made up of "'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

## IV.    Discussion

Defendants moved to dismiss Benavides' Complaint pursuant to the PLRA, Federal Rule of Civil Procedure 12(b)(1), and Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 23; 42 U.S.C. § 1997e; FED. R. CIV. P. 12(b)(1); FED. R. CIV. P. 12(b)(6). Defendants first

argue that Benavides has not exhausted his administrative remedies as required by the PLRA.   Dkt. No. 23 at 4–5.   Defendants note that, notwithstanding Benavides' allegation that "his issues were ignored with deliberate indifference," the grievances that Benavides did file through the administrative process were answered.  *Id.* at 5. Defendants argue this shows that Benavides' grievances were not ignored and obligated Benavides to continue pursuing administrative remedies prior to filing this suit.  *Id.* at 5–6.  In his Response, Benavides refutes these claims, stating that because Defendants placed him on commissary restriction, Benavides was "unable to purchase Correspondence Materials" which he deemed "essential to exhaust remedies."  Dkt. No. 26 at 1.  In his Supplemental Statement and Supplemental Reply, Benavides does not provide any additional specificity about attempts to exhaust administrative remedies. *See* Dkt. Nos. 38, 44.  Instead, he states that his access to the courts claim is rooted in the First Amendment, so exhaustion is not required.  Dkt. No. 44 at 3.

Because "exhaustion is an affirmative defense, the burden is on [Defendants] to demonstrate that [Benavides] failed to exhaust available administrative remedies." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010); *see also Jones v. Bock*, 549 U.S. 199, 216, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007).  The requirements for exhaustion are defined by the prison's grievance procedures, and courts are not permitted to alter them. *Jones*, 549 U.S. at 218 ("[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."); *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001) ("Nothing in the Prison Litigation Reform Act, however, prescribes appropriate grievance procedures or enables judges, by creative interpretation of the exhaustion doctrine, to prescribe or oversee prison grievance systems."); *Little v. Jones*,

607 F.3d 1245, 1249 (10th Cir. 2010) ("[T]he prison's procedural requirements define the steps necessary for exhaustion.").

Here, Defendants have not submitted documentation regarding what procedures Benavides was required to follow prior to filing suit. Aside from referencing the PLRA—which is not itself a source of grievance procedures—Defendants assert that Benavides "should have followed the grievance procedure and appeal that attempted remedy" without further describing the process. Dkt. No. 23 at 5. On the limited record they have provided, Defendants have failed to meet their burden on the affirmative defense of exhaustion.[2] *See Cantwell v. Sterling*, 788 F.3d 507 (5th Cir. 2015); *Scott v. Poret*, 548 Fed. Appx. 160 (5th Cir. 2013); *Torns v. Mississippi Dep't of Corr.*, 301 Fed. Appx. 386 (5th Cir. 2008).

Defendants also argue that Benavides' Complaint should be dismissed for failure to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). The Court will address each claim set out in Benavides' Complaint.[3] The claims have been reorganized and re-ordered for clarity.

## A. Benavides' Claim That He Began Requesting Access to the Courts in 2013 Because His Trial Attorney Failed to Appeal a Pre-trial Hearing

"The statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state." *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (citing *Pete v. Metcalfe*,

---

[2] The Court notes that this does not equate to a factual finding that Benavides *did* exhaust his administrative remedies. Rather, the Court's determination is that Defendants have not met their burden on the affirmative defense of exhaustion.

[3] Benavides' pro se Complaint is liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1995).

8 F.3d 214, 217 (5th Cir. 1993)).  The Fifth Circuit has "recognized that Texas's two-year statute of limitations for personal injury actions applies to § 1983 claims filed in the state." *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 759 (5th Cir. 2015); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (Vernon 2005).  "[A] section 1983 action generally accrues when a plaintiff 'knows or has reason to know of the injury which is the basis of the action.'" *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999) (quoting *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989)).  The prescriptive period is tolled during an inmate's efforts to timely and properly exhaust administrative remedies.  *Harris*, 198 F.3d at 158−59.

Here, Benavides states that he "has been requesting access to the Courts since 2013 after his trial because his trial lawyer failed to appeal his pre-trial hearing[.]"  Dkt. No. 2 at 1.  Because the Court needed additional information "[i]n order to fully evaluate this particular claim," Benavides was given the opportunity to file a supplemental statement.  Dkt. No. 28.  The Court ordered Benavides to "include the following information, to the extent possible: (1) where he was incarcerated during 2013 when he made requests for access to the courts, (2) to whom he made these requests, (3) what, if any, response he was given, [and] (4) when and how he discovered that 'his 30 day limitation expired' (Dkt. No. 2 at 1)[.]"  *Id.* at 1−2.  Pursuant to that Order, Benavides filed his Supplemental Statement, but did not provide all of the requested information. Dkt. No. 38.  Benavides has not stated where he was incarcerated in 2013 when he made requests for access to the courts, nor provided any information regarding how he found out his 30-day limitations period to file a petition for discretionary review had expired. Benavides does state that sometime during "the End of 2017 and the beggining of 2018

that, through diligent research and perseverance, [he] discovered that there was a deadline of thirty days[.]" *Id.* at 2 (errors in original). Benavides states that his "court Appointed lawyer . . . failed to file notice to appeal when it was clearly practicle," and filed a separate case based on claims of ineffective assistance of counsel. *Id.* (errors in original).

There are two separate reasons why this claim should be dismissed. First, Benavides has failed to provide the Court with any detail regarding when and how he was first informed that his thirty-day limitations period had expired. In an action under 28 U.S.C. § 1915,[4] courts "may raise the defense of limitations sua sponte . . . [and] [d]ismissal is appropriate if it is clear from the face of the complaint that the claims asserted are barred by the applicable statute of limitations." *Harris*, 198 F.3d at 156; *see also Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993); *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). Even after allowing Benavides the opportunity to further explain his 2013 claim, the Court still does not have sufficient information to determine when Benavides first received notice that he had a thirty-day window during which to appeal, or when he first received notice that the thirty days had expired.

In his Supplemental Statement, Benavides states that he was informed that his appeal was "procedurally barred," but does not list the date he received that notification. Dkt. No. 38 at 1. He states that when he received the notification that his appeal was procedurally barred, he "had no Idea what a Procedural Bar was or meant." *Id.* at 2

---

[4] Section 1915 applies to the instant case. *See* Dkt. No. 17 (granting Benavides' Application to Proceed In Forma Pauperis); *see also* 28 U.S.C. § 1915.

(errors in original). Benavides claims that it was not until later—sometime toward the end of 2017 or the beginning of 2018—that he "discovered that there was a deadline of thirty days." *Id.* However, when determining whether Benavides' § 1983 claim is time-barred, the Court is tasked with considering when he "knew or should have known of the overt acts" which caused him "actionable injury." *Williams v. Jackson*, 204 F.3d 1114, 1114 (5th Cir. 1999) (per curiam) (citing *Helton v. Clements*, 832 F.3d 332, 335(5th Cir. 1987)). Said another way, because Benavides fails to provide any detail regarding when he began asking for access to a law library, legal materials, or counsel, and *when* he was denied access to those resources, the Court is hindered from making a determination about the timeliness of the 2013 claims in his Complaint. Benavides' incarceration and pro se status do not alleviate the Court's concerns regarding the timeliness of these claims. [5]

Even assuming his claims related to institutional action taken in 2013 were timely filed, Benavides still has failed to state a claim for denial of access to the courts. An inmate is constitutionally guaranteed a right of access to the courts that is "adequate, effective, and meaningful." *Bounds v. Smith*, 430 U.S. 817, 822, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977). The right of access to the courts, however, "guarantees no particular methodology but rather the conferral of a capability—the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts."

---

[5] Courts in this circuit have made clear on numerous occasions that a plaintiff's pro se status combined with allegations of "limited access to law libraries and other resources are incident to ordinary inmate status . . . and do not constitute grounds for statutory or equitable tolling of limitations." *Rood v. Quarterman*, No. 09–1923, 2009 WL 2018991, *2 (S.D. Tex. Jul. 10, 2009); *see also Horne v. Cain*, No. 09–5509, 2010 WL 1332977 (E.D. La. Feb. 24, 2010); *Bunley v. Jones*, No. 06–2941, 2009 WL 2868427 (E.D. La. Aug. 11, 2009).

*Lewis v. Casey*, 518 U.S. 343, 356, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996). The Supreme Court has stated:

> [P]rison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." Because *Bounds* did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense. . . . [T]he inmate therefore must go one step further and *demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.*

*Id.* at 351 (emphasis added). *See also Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993) ("[T]he Supreme Court has not extended [the right of access] to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court."); *Mann v. Smith*, 796 F.2d 79, 84 (5th Cir. 1986) ("[The] right of access includes the ability to file a legally sufficient claim.") (internal citation omitted).

Thus, in addition to identifying how his access was restricted, an inmate alleging denial of the right of access to courts must demonstrate a relevant, actual injury stemming from the defendant's unconstitutional conduct. *Brewster v. Dretke*, 587 F.3d 764, 769 (5th Cir. 2009) (citing *Lewis*, 518 U.S. at 351); *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993). The right of access is not unlimited; it encompasses only a reasonably adequate opportunity to file nonfrivolous legal claims challenging convictions or conditions of confinement. *Johnson v. Rodriguez*, 110 F.3d 299, 310–11 (5th Cir. 1997). To prevail, an inmate must allege that his ability to pursue a "nonfrivolous," "arguable" legal claim was hindered by the denial. *Brewster*, 587 F.3d at 769 (citing *Christopher v. Harbury*, 536 U.S. 403, 415, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002)).

Benavides contends that his court-appointed attorney should have filed a notice of appeal within the thirty-day window, but failed to do so.   Dkt. No. 38 at 1−2.   On this basis, Benavides argues that he was denied access to the courts in 2013.   But the very nature of his argument defeats Benavides' assertion that he was denied access to the courts, because he had a court-appointed attorney during the relevant time.   Said differently, Benavides *was* able to access the courts through his legal representative.[6] Further, Benavides has filed multiple court cases since 2013, undermining his assertion that he was not able to access the courts.   Benavides has filed three separate petitions in state court pursuant to Article 11.07 of the Texas Code of Criminal Procedure in 2014, 2015, and 2018.[7]   The right of access to the courts simply requires an inmate be able "to prepare and transmit a necessary legal document to a court."   *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996).   Benavides has plainly been able to do so.

Additionally, Benavides has not alleged any specific injury in connection with his 2013 claims.   In order to be entitled to § 1983 relief, an inmate must demonstrate that he was prevented from bringing a "nonfrivolous" and "arguable" legal claim.   *Brewster*, 587 F.3d at 769.   Benavides has merely asserted that he missed a thirty-day window to appeal some pretrial evidentiary ruling, which is not sufficient to state a claim for relief.

---

[6] As Benavides concedes, the quality of representation is a different matter.   Benavides has challenged the adequacy of his legal counsel in separate proceedings.   *See Benavides v. Davis*, 1:18-cv-00202.

[7] Although not part of the record, the Court used Benavides' Trial Court Number (found on Dkt. No. 1-1 at 3) to search for filings related to the instant case through the Texas courts' public website, txcourts.gov. Results were obtained at this web address, first accessed on January 2, 2019: http://search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=c.   It is proper for the Court to take judicial notice of Benavides' Article 11.07 filings.   *See* FED. R. EVID. 201; *see also Wilson v. Huffman*, 712 F.2d 206, 211 (5th Cir. 1983) (permitting judicial notice of the record in prior, related proceedings) (superseded by statute on other grounds).

Thus, Benavides' claims related to denial of access to the courts in 2013 should be dismissed.

### B. Benavides' Claim That He Has Been Pursuing an Out-of-Time Appeal But Has Been Unsuccessful as a Result of Limited Access to the Courts

To state a claim for relief pursuant to 42 U.S.C. § 1983, a plaintiff must: (1) allege a violation of a right secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994). The alleged deprivation must be intentional, as negligent conduct cannot serve as the basis for a § 1983 claim. *See Jackson v. Procunier*, 789 F.2d 307, 310 (5th Cir. 1986) (citing *Davidson v. Cannon*, 474 U.S. 344, 106 S. Ct. 668, 88 L. Ed. 2d 677 (1986); *Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)).

"A substantive right of access to the courts has long been recognized . . . as 'one of the fundamental rights protected by the Constitution.'" *Jackson*, 789 F.2d at 310 (internal citations omitted). This right is grounded in the First Amendment's right to petition for the redress of grievances and the Fourteenth Amendment's guarantees of procedural and substantive due process. *Id.* at 310−11. The right of access, however, is limited and, with respect to prisoners, "encompasses only a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement." *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). Further, only deliberate conduct can serve as the basis for a claim of denial of access to the courts; negligent conduct will not suffice. *Jackson*, 789 F.2d at 310; *Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir. 1988). Finally, to properly state a claim of denial of access

to the courts, a plaintiff must demonstrate "that his position as a litigant was prejudiced by his denial of access to the courts." *Eason*, 73 F.3d at 1328 (5th Cir. 1996) (citing *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993)); *Brinson v. McKeeman*, 992 F. Supp. 897, 911 (W.D. Tex. 1997) (finding plaintiff's right of access claim inadequate because he failed to allege facts sufficient to arguably show that he suffered prejudice as a result of the defendant's conduct).

Here, Benavides has not made a plausible claim alleging a violation of his constitutional right of access to the courts. Notwithstanding his repeated allegations that he has been denied access to the courts, Benavides states in his Response that he has filed documents with the Texas Court of Criminal Appeals. *See* Dkt. No. 26 at 2–3. Specifically, Benavides was able to file a "Motion for Reconsideration or Rehearing" with the Texas Court of Criminal Appeals. Dkt. No. 1-1 at 3. He received notice of that state court's decision and submitted the notification as part of the instant case. *Id.* In addition, Benavides has filed three separate petitions in state court pursuant to Article 11.07 of the Texas Code of Criminal Procedure in 2014, 2015, and 2018.[8] Where inmates are "allowed to prepare and transmit" a petition for discretionary review to state appellate courts, the Fifth Circuit has held that the constitutional requirement of access to the courts has not been violated. *See Conner v. Texas Court of Criminal Appeals*, 481 Fed. Appx. 952 (5th Cir. 2012); *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993); *Crowder v. Sinyard*, 884 F.2d 804, 814 (5th Cir. 1989). Benavides has not shown, in light of his filings with the Texas Court of Criminal Appeals, that the Defendants violated his constitutional right of access to the courts.

---

[8] *See supra*, n.7.

Additionally, most of Benavides' access-to-the-court claims are based on the prison's lack of a physical "law library" or "legal materials." *See* Dkt. No. 1 at 3−4; Dkt. No. 2 at 1−2; Dkt. No. 26 at 3−4.  The right of access to the courts, however, does not require that a physical law library or research materials be provided.  "While the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Brewer*, 3 F.3d at 821 (citing *Wolff v. McDonnell*, 418 U.S. 539, 576, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974)); *see also Procunier v. Martinez*, 416 U.S. 396, 419–22, 94 S. Ct. 1800, 40 L. Ed. 2d 224 (determining that the right of access to the courts prohibits prison officials from unreasonably limiting an inmate's access to legal personnel who can provide essential legal advice); *cf. Houston v. Lack*, 487 U.S. 266, 270–76, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988) (noting that prison authorities cannot take actions which delay the mailing of an inmate's legal papers when such a delay effectively denies the inmate's access to the courts).  Benavides' claims do not allege that he was prohibited from preparing and transmitting necessary legal documents to a court.

Even assuming, arguendo, that Benavides' allegations did rise to the level of a constitutional violation, he has failed to show that his position as a litigant was prejudiced by the Defendants' purported conduct.  He alleges that, in pursuing his out-of-time appeals, he "has been procedurally barred due to the lack of developing a proper arguement which is a bi-product of not having access to the courts." Dkt. No. 2 at 1 (errors in original).  This conclusory allegation, without more, does not demonstrate prejudice.

## C. Benavides' Claim That Defendants Have Retaliated Against Him as a Result of His Request(s) for Access to the Courts

To state a valid § 1983 claim for retaliation, a prisoner must allege: (1) a specific constitutional right, (2) the defendants' intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). The inmate must allege more than his personal belief that he is the victim of retaliation. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir.) *cert. denied*, 522 U.S. 995, 118 S. Ct. 559, 139 L. Ed. 2d 400 (1997). Mere conclusionary allegations of retaliation will not be enough to withstand a proper motion for dismissal of the claim. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). "The inmate must produce direct evidence of motivation or, the more probable scenario, 'allege a chronology of events from which retaliation may plausibly be inferred.'" *Id.* (internal citation omitted). Further, if the inmate is unable to point to a specific constitutional right that has been violated, the retaliation claim will fail. *Tighe v. Wall*, 100 F.3d 41, 43 (5th Cir. 1996) (dismissing an inmate's claim for failure to demonstrate a violation of a constitutional right); *Woods*, 60 F.3d at 1166 (noting that, "[t]o state a claim of retaliation an inmate must allege the violation of a specific constitutional right").

As discussed previously, Benavides has failed to properly allege the violation of a constitutional right by the Defendants. Benavides has also failed to produce evidence that Defendants were motivated to retaliate against him, or a chain of events from which the Court could reasonably infer retaliation. *See Woods*, 60 F.3d at 1166.

### D. Benavides' Claim That the Defendants Improperly Deducted $10.00 from His Commissary Account and Other Claims Related to Commissary Restriction

To establish a due process violation in the prison context, a plaintiff must show that he or she was deprived of a liberty interest protected by the Constitution or statute. *See Richardson v. Joslin*, 501 F.3d 415, 418–19 (5th Cir. 2007) (citing S*andin v. Conner*, 515 U.S. 472, 479 n.4, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995)); *see also Zebrowski v. United States Federal Bureau of Prisons*, 558 Fed. Appx. 355, 358–59 (5th Cir. 2014). "[A] prisoner's liberty interests are not violated unless a condition 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Driggers v. Cruz*, 740 F.3d 333, 338 (5th Cir. 2014) (quoting *Sandin*, 515 U.S. at 484). Thus, in determining whether an individual has been denied due process, the Court first considers whether the allegations implicate a protected liberty or property interest. *See Ky. Dep't of Corrs. v. Thompson*, 490 U.S. 454, 460, 109 S. Ct. 1904, 104 L. Ed. 2d 506 (1989). Only if an individual makes such a showing will the Court consider "whether the procedures attendant upon that deprivation were constitutionally sufficient." *Id.*

Here, Benavides claims that his due process rights were violated when he was placed on commissary restriction, and when $10.00 was deducted from his commissary account to replace his damaged identification bracelet. He contends that these actions were taken as retaliation for his request for access to the courts. Dkt. No. 1 at 4. As noted in the Complaint, the issues surrounding Benavides' commissary account were handled by "Disciplinary Officer Solis," (*id.*) supporting a conclusion that Benavides' commissary restrictions were not retaliatory, but disciplinary. Additionally, Benavides states Defendants charged his commissary account $10.00 to replace an identification

18/20

wristband which he claims was damaged by a mentally ill inmate.  Dkt. No. 2 at 2. Although Benavides may disagree with the outcome of the disciplinary proceedings surrounding his damaged identification bracelet, he is only entitled to procedural due process with respect to these actions if they impacted protected liberty interests.  *Ky. Dep't of Corrs.*, 490 U.S. at 460.

The Supreme Court has explained that the liberty interests of inmates are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484.  The Fifth Circuit has further explained that "these interests are generally limited to state created regulations or statutes which affect the *quantity* of time rather than the *quality* of time served by a prisoner." *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997) (emphasis added). Neither the temporary loss of commissary privileges nor deducting a $10.00 replacement fee for an inmate identification bracelet implicates a protected liberty or property interest.[9]  *See Sandin* 515 U.S. at 485–86; *Malchi v. Thaler*, 211 F.3d 953, 958– 59 (5th Cir. 2000); *Madison*, 104 F.3d at 768.  Accordingly, Benavides has failed to state a claim for violation of his due process rights.

---

[9] It is unclear whether Benavides intended to bring additional claims for other disciplinary actions taken while he was in Defendants' custody, such as limitations on his T.V. privileges and the removal of his clothesline, which were referenced in his Complaint.  *See* Dkt. No. 1 at 4.  If Benavides did intend to state separate causes of action on these grounds, the same analysis would apply; the claims would fail because Benavides does not have a protected interest in the use of a television or a personal clothesline.

Defendants contend that the Court should dismiss these claims "sua sponte" pursuant to 42 U.S.C. § 1997e(c).  The Court agrees; Benavides' due process claims as described above fail to state a claim upon which relief can be granted.

## V.    Recommendation

For the reasons provided above, it is recommended that the Court **DISMISS** Benavides' Complaint without prejudice and that his Motion to Appoint Counsel (Dkt. No. 27) be **DISMISSED AS MOOT**.  It is further recommended that the Court direct the Clerk of Court to close the case.

## VI.    Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*; 28 U.S.C. § 636(b)(1).

SIGNED on this 5th day of June, 2019, in Brownsville, Texas.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**